UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12-CV-524-JAR |
| MARSHALL CONTRACTING, LLC, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Order of Accounting [ECF No. 6].

Plaintiffs bring this action under Section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1132. Plaintiffs seek a default order of accounting. Thereafter, Plaintiffs will seek a judgment for delinquent contributions and other amounts Defendant Marshall Contracting, LLC ("Marshall") owes to the Plaintiff Funds. Defendant was served with the summons and complaint on April 4, 2012 and has not entered an appearance or filed any other responsive pleading. On May 10, 2012, the Clerk's entry of default was entered [ECF No.9].

Defendant Marshall is party to collective bargaining agreements between Laborers Locals 42-53-110 and the Plumbing Industry Council, effective from March 1, 2005 through February 28, 2014. The collective bargaining agreements require Marshall to pay contributions to the Laborers' Funds and file monthly contribution report forms. Marshall is delinquent in submitting reports and contributions from August 2011 to date and submitted untimely reports

and contributions for the month of August, 2010. Furthermore, the collective bargaining agreements to which Marshall is a party authorizes Plaintiffs to conduct an examination of Marshall's financial records.

Plaintiffs seek an order compelling Marshall to submit to a financial examination for the period November 1, 2008 to the present. Absent a financial examination, it will be impossible to determine the amounts owed by Marshall. In addition, ERISA authorizes this Court to grant equitable relief such as an accounting in an action for delinquent contributions. 29 U.S.C. § 1132(g)(2)(E). Moreover, Rule 55(b)(2) of the Federal Rules of Civil Procedure provides in relevant part as follows:

> . . . If, in order to enable the court to enter judgment or carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper...

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Order of Accounting [ECF No. 6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Marshall Contracting, LLC, submit to a financial examination for the period November 1, 2008 to date.

**IT IS FURTHER ORDERED** that the failure of Defendant Marshall Contracting, LLC to comply with this Order may result in sanctions.

Dated this 1st day of June, 2012.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE