UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, an employee benefit plan, et al, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:12-CV-524-JAR |
| MARSHALL CONTRACTING, LLC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter came before the Court for hearing on Plaintiffs' Motion for Contempt [ECF No. 12], arising from Defendant Marshall Contracting, LLC's failure to comply with a court order compelling Defendant to account to Plaintiffs for all amounts due and owing Plaintiffs from the period November 1, 2008 to date [ECF No. 11]. Plaintiffs appear by counsel. Despite proper notice and personal service on Defendant's registered agent, Defendant does not appear.

Courts have authority to award sanctions for contempt in ERISA collection cases where the Defendant and/or its representative fails to participate in discovery for purposes of determining the amount of liability for unpaid fringe benefit contributions. Greater St. Louis Construction Laborers Welfare Fund v. Aura Contracting, LLC, 2012 WL 2684864, at *1 (E.D. Mo. July 6, 2012) (citing Chicago Truck Drivers v. Brotherhood Labor Leasing, 207 F.3d 500, 504–05 (8th Cir.2000)). Appropriate sanctions include monetary fines and the issuance of a writ of body attachment for incarceration until the contempt is purged. Id. ( citing Fischer v. Marubeni Cotton Corp., 526 F.2d 1338, 1340 (8th Cir.1975) (fines); Painters Dist. Council No. 2 v. Paragon Painting of Missouri, LLC, 2011 WL 3891870, *1 (E.D.Mo. Sept. 1, 2011) (body attachment)). In addition, the issuance

of an order of contempt, pursuant to Federal Rule of Civil Procedure 45(e) may include, pursuant to Federal Rule of Civil Procedure 37(b), sanctions such as attorney's fees and costs. Aura Contracting, 2012 WL 2684864, at *1. A party seeking civil contempt bears the burden of proving by clear and convincing evidence that the alleged contemnors violated a court order. Chicago Truck Drivers, 207 F.3d at 504–05. The Court's contempt power also extends to non-parties who have notice of the Court's order and the responsibility to comply with it. Greater St. Louis Construction Laborers Welfare Fund v. Hance Excavating, LLC, 2008 WL 544718, at *2 (E.D. Mo. February 26, 2008) (citations omitted).

Courts in this district have previously imposed compliance fines in ERISA delinquency collection cases and ordered a defendant to reimburse the plaintiffs for attorneys' fees incurred in attempting to compel compliance with a Court order. See, e.g., Aura Contracting, 2012 WL 2684864, at *1; Greater St. Louis Construction Laborers Welfare Fund v. Akbar Electric Serv. Co., Inc., No. 4:96–CV–1582 CDP, at *1 (E.D.Mo. Apr. 21, 1997) (ordering defendant to reimburse plaintiff for attorney's fees); Greater St. Louis Construction Laborers Welfare Fund, et al. v. Marvin Steele Enters., Inc., No. 4:96–CV–1073 ERW, at *1 (E.D.Mo. Mar. 21, 1997) (ordering a compliance fine of $200 per day). In addition, incarceration has been used to compel compliance with Court orders in the context of ERISA delinquency actions. See, e.g., Paragon Painting, 2011 WL 3891870, at *1; Marvin Steele Enters., No. 4:96–CV–1073 ERW, at* 1 (ordering that a bench warrant issue for the arrest of the individual defendants). Courts in this district have also imposed contempt sanctions on a corporation's officer who failed to participate in post-judgment discovery in an ERISA delinquency action. See, e.g., Carpenters' District Council of Greater St. Louis and

Vicinity v. DLR Opportunities, Inc., No. 4:07–CV–00061 CAS, at*2 (E.D.Mo. Feb. 22, 2008) (imposing a compliance fine of $100 per day on the defendant's president).

Pursuant to its Order of August 21, 2012 [ECF No. 14], the Court held a show cause hearing on the motion for contempt on October 5, 2012. Prior to the hearing Plaintiffs submitted an affidavit [ECF No. 15] verifying personal service by private process server on Defendant of the Court's show cause order. Defendant did not appear at the hearing.

On the basis of the record before it, the Court finds Defendant in contempt and will award sanctions against Defendant in the form of a compliance fine and attorney's fees and costs for the filing of the motions for default order of accounting and contempt.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Contempt [12] is **GRANTED** and Defendant Marshall Contracting, LLC, is found in **CONTEMPT** of this Court. As sanctioned, Defendant is liable for a fine of $200.00 per day for every day after this date that Defendant fails to submit its records for inspection or otherwise comply with this Court's Orders and Plaintiffs' discovery requests. Plaintiffs' attorney shall contact the Court if and when Defendant produces its records for inspection.

**IT IS FURTHER ORDERED** that Plaintiffs' request for an award of attorneys' fees and costs of its motions for a default order of accounting [ECF No. 6] and contempt [ECF No. 12] is **GRANTED.** Counsel for Plaintiffs is granted until **October 12, 2012** to file an affidavit of fees and costs for the Court's consideration.

**IT IS FURTHER ORDERED** that Plaintiffs' oral motion for a writ of body attachment is denied without prejudice to refiling in the event of Defendant's continued non-compliance.

**IT IS FURTHER ORDERED** that Plaintiffs shall effect service of this Order and the Court's Order of June 1, 2012, [ECF No. 11] on Defendant by whatever means they believe to be most effective, and shall promptly file a certificate of such service. Failure to show adequate evidence of prompt service may result in the continuation or cancellation of the compliance fine ordered herein.

Dated this 5th day of October, 2012.

                                            JOHN A. ROSS
                                            UNITED STATES DISTRICT JUDGE