UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GREATER ST. LOUIS CONSTRUCTION LABORERS WELFARE FUND, et al., ) ) ) Plaintiffs, ) ) vs. ) ) MARSHALL CONTRACTING, LLC, ) ) Defendant. ) | Case No. 4:12-CV-524-JAR |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion to Compel Discovery. [ECF No. 28] Plaintiffs' motion is accompanied by an affidavit of counsel (Doc. No. 28-1) and an exhibit. (Doc. No. 28-2) For the following reasons, the Court will grant the motion.

**Background**

Plaintiffs filed this action on March 20, 2012 to recover from Defendant Marshall Contracting, LLC (Marshall) delinquent contributions, liquidated damages, and interest owed to the Plaintiff benefits funds pursuant to the Employee Retirement Income Security Act, 29 U.S.C.§ 1132(g)(2) ("ERISA") and the Labor Management Relations Act, 29 U.S.C.§ 185 ("LMRA"). The Complaint asserted that Marshall was bound by the provisions of a collective bargaining agreement to make monthly payments to the Plaintiff benefits funds in specified amounts and to submit monthly report forms. Marshall was served with summons and complaint on April 4, 2012, but did not file an answer or other responsive pleading within the time allowed by the Federal Rules of Civil Procedure. On May 10, 2012, a Clerk's Entry of Default was issued pursuant to Rule 55(a), Fed.R.Civ.P. (Doc. No. 9) On June 1, 2012, this Court granted Plaintiffs' motion for default order of accounting of Marshall's financial records for the period of

November 1, 2008 to the present. (Doc. No. 11) Although Marshall was sent a copy of this Court's order, it refused to comply. Plaintiffs then moved for an order finding Marshall in contempt. (Doc. No. 12) The Court scheduled a show cause hearing on Plaintiffs' motion for contempt. Despite proper notice and personal service on Marshall's registered agent, Marshall did not appear. Accordingly, the Court found Marshall in contempt and awarded sanctions in the form of a compliance fine and attorney's fees and costs for the filings of the motions for default order of accounting and contempt. (Doc. Nos. 16, 21)

On January 23, 2013, Plaintiffs advised the Court that subsequent to the Court's Orders, Marshall had produced the documents requested by Plaintiffs in discovery. (Doc. No. 24) After examination of Marshall's records, Plaintiffs then moved for default judgment . By Order dated June 12, 2013, the Court entered default judgment in favor of Plaintiffs and against Defendant Marshall Contracting, LLC in the total amount of $9,915.89. (Doc. No. 27)

**Motion to Compel**

Plaintiffs' motion to compel and the affidavit of attorney Janine M. Martin assert that Plaintiffs noticed the post-judgment deposition of Jim Marshall by mail on June 26, 2013, pursuant to Federal Rule of Civil Procedure 69. The notice required the attendance of Mr. Marshall at the office of Plaintiffs' counsel on July 16, 2013 at 10:00 a .m., and the simultaneous production of certain documents relevant to Plaintiffs' efforts to collect the judgment in this case. Mr. Marshall failed to appear for his deposition or produce any of the requested documents.

Rule 69(a)(1) of the Federal Rules of Civil Procedure provides, "[A] money judgment is enforced by a writ of execution, unless the court directs otherwise." Rule 69(a)(1), Fed.R.Civ.P. Rule 69 further provides that the procedure on execution, and in proceedings in aid of execution, "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id. Rule 69(a)(2) provides that in aid of a judgment or

execution, a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in [the Federal Rules of Civil Procedure] or by the procedure of the state where the court is located." Rule 69(a)(2), Fed.R.Civ.P. See, Cement Masons Local 527 v. JT Concrete, LLC, 2012 WL 3781206, at *1-2  (E.D.Mo. Aug. 31, 2012).

Plaintiffs seek to take a post-judgment deposition in aid of execution of their judgment. This procedure is appropriate pursuant to Rules 69(a) and 30 of the Federal Rules of Civil Procedure. It appears to the Court from the affidavit of Plaintiffs' counsel that Jim Marshall of Defendant Marshall Contracting, LLC, was properly noticed for deposition but failed to appear. Plaintiff's motion to compel discovery should therefore be granted, and Jim Marshall of Defendant Marshall Contracting, LLC will be ordered to appear for deposition at the offices of Plaintiffs' counsel, and produce the requested documents at that time.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery [28] is **GRANTED.**

**IT IS FURTHER ORDERED** that Jim Marshall of Defendant Marshall Contracting, LLC, shall appear for a post-judgment deposition and produce the records requested in the notice of deposition dated June 26, 2013, at the offices of Plaintiffs' counsel on **Thursday, August 22, 2013, at 10:00 a.m.**

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail a copy of this order to Defendant Marshall Contracting, LLC, at 4633 Marine Road, Marine, Illinois, 62061.

Dated this 23rd day of July, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

4